# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-21-574-R |
| ) | |
| **FNU QUATER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee proceeding *pro se* and *in forma pauperis* (without prepayment of fees), has filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The undersigned previously entered an order requiring service and special report. (Doc. 13). As explained below, it is recommended that the Court strike the order for service and special report and transfer the case to the Eastern District of Oklahoma.

**I.      Screening Requirement**

Federal law mandates the screening of complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, this Court must dismiss a complaint or any portion of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915A(b).

Additionally, complaints are screened to determine whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Const., Inc.*, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

**II.   Analysis**

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action. . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2).

Based on the Complaint, it appears that every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" at the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, located in Pittsburg County.[1]  28 U.S.C. § 1391(b)(2); (*see* Doc. 1, at 6-9). Pittsburg County is located in the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Moreover, Plaintiff has indicated that two of the three Defendants are officials or

---

[1] The undersigned judicially notices the location of McAlester, Oklahoma, within Pittsburg County.  *See* https://pittsburg.okcounties.org/; *see also* Fed. R. Evid. 201(b); *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial. . . .").

employees of OSP.  (Doc. 1, at 4).  In addition to these two individual Defendants, Plaintiff has also sued the Oklahoma Department of Corrections ("ODOC").  (*Id.* at 1).  Assuming *arguendo* that ODOC resides in the Western District, Plaintiff can bring his suit against ODOC in either the Eastern or Western District of Oklahoma.  *See Chance v. Okla. Dep't of Corr.*, 2020 WL 6121221 (W.D. Okla. Sept. 28, 2020) (recommending transfer to Eastern District of Oklahoma where Plaintiff sued three employees of correctional center in Eastern District and ODOC and all events giving rise to the claims occurred in the Eastern District), *adopted*, 2020 WL 6087952 (W.D. Okla. Oct. 15, 2020).

Because venue is proper in the Eastern and Western Districts of Oklahoma, this Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interests of justice.  28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").  As noted above, the underlying events took place in the Eastern District of Oklahoma and the two individual Defendants are employed in that District.  The undersigned therefore recommends finding that transfer to the Eastern District would better serve the interests of justice under 28 U.S.C. § 1404(a).

**IV.    Recommendation and Notice of Right to Object.**

For the reasons stated, the undersigned recommends this matter be **transferred to the Eastern District of Oklahoma**.  The order requiring service and special report (Doc. 13) should be **stricken**.

**Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by October 18, 2021**, in accordance with 28

U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2).  Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 27th day of September, 2021.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE