## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-21-574-R |
| | ) |
| **SGT. QUATAR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Plaintiff, a state pre-trial detainee appearing *pro se* and *in forma pauperis*, filed this action alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Amanda Maxfield Green for preliminary review. On September 27, 3021, Judge Green issued a Report and Recommendation wherein she recommended that the case be transferred to the United States District Court for the Eastern District of Oklahoma. (Doc. No. 22). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to an obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. (Doc. No. 23). Having conducted this review, the Court finds as follows.[1]

The Report and Recommendation recommends that this case be transferred to the Eastern District of Oklahoma because the named individual Defendants are employees of

---

[1] Consistent with *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has given Plaintiff's filings liberal construction.

the Oklahoma State Penitentiary located in McAlester, Oklahoma, within the Eastern District. Plaintiff objects to transferring the action, asserting that because Judge Green ordered Defendants to prepare a special report pursuant to *Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir. 1978), summons have been issued, and transferring the case will result in delay.

Furthermore, certain claims are subject to screening and dismissal under 28 U.S.C. § 1915(e) and § 1915(e)(2)(B). Judge Green noted that venue might be proper in this District because Plaintiff sues the Department of Corrections, which might potentially be considered as "residing" within this District. However, the Department of Corrections is subject to dismissal because as an arm of the State it is not a "person" for purposes of 42 U.S.C. § 1983. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court hereby DISMISSES the Department of Corrections. Furthermore, to the extent Plaintiff seeks monetary relief from the individual defendants in their official capacities, those claims are subject to dismissal pursuant to the Eleventh Amendment, which bars actions in federal court against States and state officers sued in their official capacities for money damages. *See, e.g., Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." (internal quotation marks omitted)); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that a suit against an individual acting in an official capacity is properly treated as a suit against the State itself and "the Eleventh Amendment bars a damages action against a State in federal court"); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that Eleventh Amendment

sovereign immunity barred § 1983 claims "for money damages" against prison officials in their official capacities). The Court hereby DISMISSES the claims for monetary damages against the individual Defendants in their official capacities.

Finally, Plaintiff is no longer incarcerated at the Oklahoma State Penitentiary, having been released following completion of his sentence.

> The Tenth Circuit has held that "[w]hen a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system," this raises the issue of mootness. *Jordan v. Sosa,* 654 F.3d 1012, 1027 (10th Cir. 2011). In that situation, "courts have concluded that they are unable to provide the prisoner with effective relief," and have dismissed the claims as moot. *Id.* In a moot case a plaintiff no longer suffers a redressible injury. *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019).

*Bertolo v. Shain*, No. 17-CV-00773-RM-KLM, 2020 WL 2365245, at *7 (D. Colo. Feb. 27, 2020), *report and recommendation adopted sub nom. Bertolo v. Raemisch*, 2020 WL 1502295 (D. Colo. Mar. 30, 2020), *appeal dismissed*, No. 20-1154, 2020 WL 9264916 (10th Cir. Oct. 30, 2020)[2]. Accordingly, the only remaining Defendants are the individuals, in their individual capacities, and their actions took place in the Eastern District.

Finally, transferring this action to the Eastern District of Oklahoma will not result in any inherent delay; the action will continue from its current point until disposition, but it will continue in a more appropriate location. The two individually named Defendants are employees of a Department of Corrections facility that lies within the Eastern District of

---

[2] The Court does not construe Plaintiff's current allegations as seeking injunctive relief against the two officers, per se. Rather, he asks that one defendant be punished and other terminated but has not named a proper party to effectuate such relief, even if such relief was available to him. However, out of an abundance of caution, the Court addresses the viability of claims for injunctive relief against the individual Defendants in their official capacities.

3

Oklahoma and after this Order they are the only remaining Defendants. Therefore, this case is best litigated in that forum.[3]

For the reasons set forth herein, Plaintiff's claims against the Department of Corrections are DISMISSED as are his claims against the individual Defendants in their official capacities. The case, as to the individual Defendants in their individual capacities, is hereby transferred to the Eastern District of Oklahoma. The Report and Recommendation is ADOPTED to the extent it is consistent with this Order.

**IT IS SO ORDERED** this 13th day of October 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] No return of service has been filed for either individual Defendant.