IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV 21-309-RAW-JAR |
| | ) |
| **SGT. CORDER, et al.,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' motions to dismiss or for summary judgment (Dkts. 29, 46, 64). The Court has before it for consideration Plaintiff's complaint (Dkt. 1), a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 27), and the parties' motions and responses.

Plaintiff is a pro se prisoner in the custody of DOC who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking money damages and injunctive relief for alleged constitutional violations occurring during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are Sgt. Corder, a.k.a. Sgt. Quater, OSP Correctional Officer; Cpl. Hayes, OSP Correctional Officer; and the Oklahoma Department of Corrections.

The record shows that when the claims set forth in the complaint allegedly arose on June 18, 2019, Plaintiff was in the custody of the DOC and housed at OSP. He served a

manslaughter sentence from March 2005 until June 2, 2020, when he was discharged from custody for the manslaughter case. (Dkts. 27-1, 27-2, Dkt 27-3). Shortly after his release, he was arrested and charged with first degree murder in Custer County, Oklahoma. (Dkt. 27-4). On June 6, 2020, Plaintiff was received into the custody of the Custer County Jail on the first degree murder charge. (Dkts. 46-2; 64-2). Therefore, Plaintiff was in jail when this action was filed. (Dkt. 1-1).

I.  **Plaintiff's Allegations**

Plaintiff alleges he got into a fight with his cellmate, and Dft. Hayes pepper-sprayed them. Hayes told Plaintiff to put his hands through the food hole, and Hayes handcuffed Plaintiff and clamped the cuffs down with force. Plaintiff then was removed from his cell and put in the shower to remove the pepper spray. He next was escorted by Hayes and Defendant Corder, with one officer on each of Plaintiff's arms. Corder allegedly bent Plaintiff's thumb, causing pain for Plaintiff. When they got to the hallway, Cpt. McMullen saw Corder hurting Plaintiff and, using sign language, told Corder to stop. Corder stopped hurting Plaintiff while McMullen was present. When Plaintiff was being taken to medical services, however, Corder resumed bending Plaintiff thumb with force, causing Plaintiff to scream from the pain. Plaintiff reported the injury to medical services, and his thumb continued to be numb or tingling for more than 60 days after the incident. Plaintiff also informed the mental health doctor of the incident, and the doctor had Plaintiff write a statement. Plaintiff told another mental health doctor about what had happened, and the

doctor called a captain about it. (Dkt. 1 at 8-9).

Plaintiff also alleges that while he was being escorted by Officers Corder and Hayes, Corder used sign language to communicate to Hayes and tell Hayes to hurt Plaintiff. To please Corder, Hayes pretended to hurt Plaintiff. *Id.* at 9.

Plaintiff further claims he told the nurse he wanted to kill himself, resulting in his being housed on a medical suicide watch. Plaintiff's case manager, Amber Robinson, was called to medical to talk with him about the assault. Robinson told Plaintiff that she would report it to "someone." *Id.*

## II.    Defendant Oklahoma Department of Corrections

Defendant Oklahoma Department of Corrections (DOC) has filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), alleging, among other things that the DOC is not a proper party to Plaintiff's § 1983 claims for damages. (Dkt. 29 at 3-4).

### A.    Standard of Review for Motion to Dismiss

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). With these standards in mind, the court turns to the merits of Defendants' motion.

    **B.**    **Eleventh Amendment Immunity**

Plaintiff has named the Oklahoma Department of Corrections as a defendant. This agency, however, is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state, regardless of the relief sought. When

a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011). Therefore, the Oklahoma Department of Corrections' motion to dismiss (Dkt. 29) is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Defendant Sgt. Corder's and Defendant Cpl. Hayes' Motions to Dismiss or for Summary Judgment

Defendant Corder and Defendant Hayes have filed separate motions to dismiss or for summary judgment (Dkts. 46, 64). Both defendants allege, among other things, that Plaintiff has not exhausted the administrative remedies for his claims. (Dkt. 46 at 6-7; Dkt. 64 at 6-7).

#### A. Standard of Review for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a motion for summary judgment, he or she "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 746 (10th Cir. 2014) (internal quotation marks and citation omitted). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact," *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997), or show that the remedies were unavailable to him as a result of the actions of prison officials, *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). In the absence of either showing, the defendant would be entitled to summary judgment on the affirmative defense. *See id.*

### B. Exhaustion of Administrative Remedies

Defendants Corder and Hayes allege Plaintiff has failed to exhaust the administrative remedies for any of his claims. Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Exhaustion is required for all inmates seeking relief in federal district court, "even where the relief sought . . . cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). *See also Booth*, 532 U.S. at 741. The PLRA's exhaustion requirement is mandatory, and the courts are not authorized to dispense with it. *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Courts will only excuse failure to exhaust if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

    **C.    DOC Offender Grievance Policy**

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident (Dkt. 27-10 at 8). If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id.* at 8-

10. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the reviewing authority (facility head), asserting only the issue of the lack of response to the RTS. *Id*. at 10. If the grievance is of an emergency or sensitive nature, it can be submitted directly to the reviewing authority without informal resolution. *Id.* at 17-18.

If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. *Id.* at 10-12. Inmates must submit the grievance to the facility reviewing authority or facility correctional health services administrator, whichever is appropriate. *Id*. at 12. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Medical ARA, whichever is appropriate. *Id*. at 14-17. The administrative process is exhausted only after all of these steps have been taken. *Id*. at 17.

### D. Discussion

Defendants allege that prior to commencing this lawsuit, Plaintiff failed to exhaust his administrative remedies concerning the sexual assault investigation, his housing assignment, and his subsequent transfer from MACC. The record shows that Plaintiff submitted the following RTSs, grievances, and appeals regarding his allegations against Defendants:

On June 28, 2019, Plaintiff filed an RTS at OSP, asking to have his shoes returned. (Dkt. 27-11 at 2-3). On July 1, 2019, He submitted an RTS, alleging that when he complained about his thumb to a nurse, she threatened him. *Id.* at 4-5. Plaintiff, however,

failed to sign the grievance, so it was not processed. *Id.* at 4. On July 9, 2019, Plaintiff submitted an RTS, asking for paperwork to be placed in protective custody. *Id*. at 6-7. On July 17, 2019, Plaintiff submitted another RTS, again asking to have a pair of shoes returned to him. *Id.* at 8-9.

On July 26, 2019, Plaintiff submitted an RTS claiming that on July 20, 2019, CSO II Hayes pulled him and his cellmate out of the cell and put them in the shower where Plaintiff received a false write-up. *Id*. at 10-11. The response said the investigation showed that Plaintiff pleaded guilty to the offense. *Id*. at 10.

Plaintiff submitted a second RTS on July 26, 2019, complaining that on July 23, 2019, Amber Robinson brought him a write-up that was a lie. *Id.* at 12-13. The response stated that the investigation showed that Plaintiff had assaulted his cellmate. *Id*. at 12.

On August 2, 2019, and August 6, 2019, Plaintiff submitted grievances asking for his shoes and other property to be returned or replaced. (Dkt. 27-12 at 3-5). The grievances were returned unanswered because an RTS was not attached, and Plaintiff failed to comply with the requirements of his grievance restriction. *Id.* at 2. Plaintiff resubmitted a grievance on November 26, 2019, however, the submission was rejected as untimely. *Id.* at 2-3.

Defendants Corder and Hayes allege the DOC's ARA has no record of Plaintiff's exhausting the administrative remedies for his claims. Mark Knutson, ARA Manager for the DOC, states by affidavit that he has reviewed the ARA records, and no grievance or grievance appeal has been received from Plaintiff regarding OSP staff's using excessive

9

force, subjecting him to cruel and unusual punishment, or placing him on suicide watch without reason. (Dkt. 27-15 at 2). In fact, the ARA has not received a grievance or grievance appeal from Plaintiff regarding any issue. *Id.* Therefore, Knutson, concludes that Plaintiff has not exhausted his administrative remedies with the ARA. *Id.*

Plaintiff has submitted a "motion to submit truts" (Dkt. 70), which the Court construed as a response to the motions to dismiss or for summary judgment filed by Defendants Corder and Hayes (Dkt. 73). He argues that even if he failed to exhaust the administrative remedies for his claims, he still could have suffered a civil rights violation. He claims that he has been trying to get medical help from this Court and from the federal district court in the Western District of Oklahoma. He lists multiple medical problems and claims he was put on grievance restriction because he did not fill out the grievance forms properly.

After careful review and under liberal construction, the Court finds that none of Plaintiff's arguments actually addresses his failure to exhaust his administrative remedies in this case. While he asserts the medical systems hinder his exhaustion, he does not explain why he was unable to exhaust the claims in the complaint.

The Court, therefore finds that when viewed in the light most favorable to Plaintiff, there is no genuine dispute as to any material fact concerning Plaintiff's failure to exhaust the administrative remedies for the claims in his complaint. Therefore, Defendants Corder and Hayes are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

**ACCORDINGLY**,

1. The Oklahoma Department of Corrections' motion to dismiss (Dkt. 29) is GRANTED.

2. Defendant Sgt. Corder's (a.k.a. Sgt. Quatar) motion for summary judgment (Dkt. 46) is GRANTED.

3. Defendant Cpl. Hayes' motion for summary judgment (Dkt. 64) is GRANTED.

4. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 12th day of September 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma